UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE ROBERSON

VERSUS

SALIH ADANALIC, ET AL.

CIVIL ACTION

NUMBER 15-720-SDD-SCR

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant DMR Transportation, L.L.C. ("DMR") removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant alleged in its Notice of Removal that the plaintiff is a Louisiana citizen, defendants Salih Adanalic and DMR are Michigan citizens, and defendant ACE American Insurance Company is a Pennsylvania citizen. Defendant's citizenship allegations as to its own citizenship are based on the plaintiff's allegations in his First Amending and Supplemental Petition.[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

---

[1] Record document number 1, Notice of Removal, p. 4, n. 6 ("See Plaintiff's First Amending and Supplemental Petition alleging that DMR is a foreign corporation with its principal place of business in Michigan.")

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and ©).  The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007) (when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Defendant's jurisdictional allegations as to its own citizenship are not sufficient to establish diversity jurisdiction.  Defendant DMR was alleged by the plaintiff to be a "LLC" - a limited liability company.[4]  Contrary to the defendant's assertion

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); see *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] Record document number 1-1, First Amending and Supplemental Petition, ¶ I.  Plaintiff alleged that DMR is "a foreign corporation not authorized to do but doing business in the State of Louisiana with its principal place of business located" in Michigan.  Notwithstanding the use of the term "corporation" by the plaintiff, the "LLC" designation indicates DMR is a limited
(continued...)

in its Notice of Removal, the Michigan Department of Licensing and Regulatory Affairs clearly identifies defendant DMR as a limited liability company rather than a corporation.[5]  Consequently, defendant DMR failed to properly allege its own citizenship because it failed to identify its members and the states of which its members are citizens.

Therefore;

IT IS ORDERED that defendant DMR Transportation, LLC shall have seven days to file an Amended Notice of Removal which properly alleges its citizenship.  **Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, October 28, 2015.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
liability company.  Defendant DMR does not dispute that it is organized as a limited liability company rather than a corporation.

[5] Record document number 1-5, Exhibit E.